**Joseph Carl SPENCER, Plaintiff,**

v.

**OLD STEIN GRILL et al., Defendants.**

**Civ. A. No. 3219-59.**

United States District Court
District of Columbia.

May 2, 1961.

I. Irwin Bolotin (Lesser & Lesser), Washington, D. C., for plaintiff.

James F. O'Donnell, Washington, D. C., for defendant Old Stein Grill.

YOUNGDAHL, District Judge.

Plaintiff, a subcontractor who assisted in repairs to the premises of defendant Old Stein Grill under a general contract held by defendant Peck, has moved for summary judgment in this suit to foreclose a mechanic's lien.

The applicable sections of the District of Columbia Mechanic's Lien Law provide that if a subcontractor is owed money by a general contractor, he can file .with the Clerk of the District Court, and within three months of completion of the work in question, a lien on the property under construction or repair, and by serving notice of such lien on the owner of the property, mandate the owner

> "to retain out of any subsequent payments becoming due to the contractor a sufficient amount to satisfy any indebtedness due from said contractor to the said subcontractor * * *"

§ 38–106 D.C.Code. If the general contractor has breached his contract, the subcontractor shall have a lien only to the extent of such "reduced amount * * to become due to the original contractor." § 38–104 Id.

The pleadings, motion papers, and defendant Old Stein Grill's answers to plaintiff's interrogatories make the following material facts clear and undisputed: By written contract of September 25, 1958, defendant Old Stein Grill engaged defendant Peck as general contractor for repairs to the former defendant's premises. By later contract plaintiff was designated a subcontractor for this job. On November 17, 1958—which was within the statutory three months of the job's completion—plaintiff properly filed a mechanic's lien on the premises in question for the sum of $742.25 alleged to be due him, as of that date, from defendant Peck. On the following day, plaintiff properly served defendant Grill with notice of this lien.

As the statute makes clear, this filing and notice bound defendant Old Stein Grill to withhold for payment to plaintiff any funds, up to $742.25 "becoming due to the contractor."

Defendant Grill contends that prior to the time of filing and notice, defendant Peck had defaulted on the original contract, and that consequently no funds were due the latter on November 18 or became due thereafter—and thus no funds could be held for the plaintiff subcontractor.

However, defendant Grill's answer to plaintiff's interrogatories 6 and 7 admits that prior to and after November 18, it

"made Peck acknowledge certain payments [totalling $411.48 after November 18] which were subsequently given to subcontractors and those furnishing labor and materials on the job"—

and that after November 18, it

"wrote checks in the following amounts [totalling $1,313.75] payable to Donald L. Peck on the following dates, which checks Peck endorsed; said checks were then cashed by your affiant and the monies from them were used by your affiant to pay various subcontractors, laborers, and suppliers, to whom your affiant guaranteed payment of the same; none of the cash was given to Peck."

The question presented is whether these funds paid "through" defendant Peck were "payments becoming due to [said] contractor" within the meaning of the statute, so that $742.25 of said funds should have been withheld for plaintiff.

This question is not answered by the generalized statement that Peck had "breached" the general contract, nor by the argument that the Grill was forced by its greater need for the future services of the subcontractors other than plaintiff to pay them rather than him.

The question is answered by construing the admitted facts in the light of the statutory purpose, which is to prevent the occurrence of just what occurred here: payments to subcontractors who had filed no liens, while a lien by another subcontractor remains unsatisfied.

In the light of this purpose, the Court finds that the funds which defendant Grill's answers to interrogatories 6 and 7 reveal were paid "through" defendant Peck to these other subcontractors—even if Peck was only a conduit for them—were "payments becoming due to the contractor." That the Grill continued to involve Peck in these payments is sufficient to support this conclusion, in view of the strong statutory policy favoring lienholders.

In view of this finding, an order granting plaintiff's motion has been filed herewith.